Billy W. PATRICK a/k/a William Patrick, Plaintiff,

v.

John LASKARIS (Orange County Probation Department), Orange County Probation Department, Defendants.

Billy W. PATRICK a/k/a William Patrick, Plaintiff,

v.

Chris SHOVELIN (Orange County Department of Social Services), Orange County Department of Social Services, Defendants.

Billy W. PATRICK a/k/a William Patrick, Plaintiff,

v.

ORANGE COUNTY FAMILY COURT, Orange County Department of Social Services, Chris Shovelin (Orange County Department of Social Services), Defendants.

Nos. 97 Civ. 4401(MGC), 97 Civ. 4402(MGC), 97 Civ. 4403(MGC).

United States District Court, S.D. New York.

Nov. 19, 1998.

Billy W. Patrick, Middletown, New York, plaintiff pro se.

Richard B. Golden, County Attorney, Goshen, New York by Susan Z. Stockburger, Assistant County Attorney.

## OPINION AND ORDER

CEDARBAUM, District Judge.

Billy W. Patrick a/k/a William Patrick filed these three actions against defendants pursuant to 42 U.S.C. § 1983. Each case concerns the proceedings brought against plaintiff by the Orange County Department of Social Services that resulted in plaintiff's conviction for criminal contempt in Orange County Family Court on May 16, 1997 for violating a temporary Order of Protection that required plaintiff to not be alone with any of the five minor children of plaintiff's girlfriend, Karen Harris. Plaintiff was sentenced to five months in Orange County jail. (Delile aff. ¶¶ 4, 9.)

In 97 Civ. 4401, plaintiff sues John Laskaris and his employer, the Probation Department of Orange County, for withholding information in contempt proceedings on March 4, 1997 and March 27, 1997 that ultimately resulted in the above-noted conviction. (4401 Compl. ¶ IV.)

In 97 Civ. 4402, plaintiff sues Christina Shovelin and her employer, the Orange County Department of Social Services, for malicious prosecution by filing a child neglect petition against him and by requesting that

he be held in contempt for violating the Family Court Order of Protection. (4402 Compl. ¶ IV.)

In 97 Civ. 4403, plaintiff sues the Orange County Family Court, the Orange County Department of Social Services, and Chris Shovelin for his conviction by the Family Court of criminal contempt for the same acts for which a charge against him was Adjourned in Contemplation of Dismissal by the Walkill Justice Court in November of 1996. He seeks monetary damages and reversal of the Family Court judgment. (4403 Compl. ¶ V.) The action against the Family Court has been dismissed by Order dated November 5, 1997.

Defendants move to dismiss all three complaints in their entirety pursuant to Fed. R.Civ.P. 12(c) and 56, and in the alternative, defendants request the consolidation of the three cases under one civil docket number and the reassignment of the cases to White Plains. Defendants served their motion on December 3, 1997, supported by four affidavits and a Memorandum of Law. (Defendants did not file a Local Rule 56.1 Statement of Material Facts Not in Dispute.) After plaintiff failed to respond, he was reminded of the pending motion by certified letter return receipt requested dated July 14, 1998, and was given an unrequested extension to August 25, 1998 to oppose the motion. The receipt form was signed by the postman on July 21, 1998. Plaintiff has not submitted any papers. He has neither requested an extension of time nor opposed the motion. For the reasons set forth below, the motion is granted pursuant to Fed.R.Civ.P. 12(c).

## DISCUSSION

Judgment for defendants is appropriate under Fed.R.Civ.P. 12(c) if, after assuming the truth of the plaintiff's factual allegations, and drawing all inferences favorable to the plaintiff, it appears beyond a doubt that plaintiff does not have a claim entitling him to relief. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). This standard is applied particularly strictly when the non-moving party complains of a civil rights violation or is appearing pro se. *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991).

Despite the strictness of the relevant standard, defendants are entitled to judgment as a matter of law under Rule 12(c). Not only do plaintiff's pleadings lack any allegation that his Family Court conviction has been reversed on appeal or otherwise expunged, but his complaint in 97 Civ. 4403 requests that his conviction be reversed. Plaintiff's pleadings thus admit that the state court conviction was never reversed or otherwise invalidated. A plaintiff's claim for money damages on grounds that his state court conviction is unconstitutional, or on the basis that a person acting under color of state law engaged in actions the unlawfulness of which renders his conviction invalid, does not become cognizable as a cause of action under 42 U.S.C. § 1983 until the conviction has been reversed on appeal or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, in these § 1983 suits in which plaintiff seeks damages in connection with the proceedings leading to his state court conviction, the question is whether a judgment in favor of the plaintiff in any of these cases would necessarily imply the invalidity of his conviction or sentence. If it would, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated, the complaint must be dismissed. *Id.* at 487, 114 S.Ct. 2364. In his three complaints, Plaintiff alleges that the conviction was wrongful, that the proceedings that resulted in the conviction constituted malicious prosecution, and that the probation officer who testified at the trial withheld exculpatory evidence. If plaintiff succeeds on any of these claims, his state court conviction would be invalid. Therefore, each of plaintiff's suits should be dismissed on the pleadings.

## CONCLUSION

For the foregoing reasons, defendants' motion for dismissal on the pleadings is granted. SO ORDERED.